UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LASHAWN WILLIAMS,

                                    Case No. 2:25-cv-11887

                Plaintiff,

v.                               Hon. Brandy R. McMillion
                               United States District Judge

GRIFOLS PLASMA CENTER, *et al.*,

                Defendants.
_____/

**OPINION AND ORDER TRANSFERRING CASE
TO THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Roosevelt Lashawn Williams ("Williams") brings this *pro se* civil action against Defendants Grifols Plasma Center, Donna LNU and Samantha LNU concerning events that occurred while he attempted to donate plasma at a plasma treatment facility in Benton Harbor, Michigan.  *See generally* ECF No. 1.  The Grifols Plasma Center is alleged to be based in California but has locations in Benton Harbor and Kalamazoo, Michigan; and both individual defendants are alleged to be residents of Benton Harbor.  *Id.* PageID.2-3.

The determination of the proper venue for a civil action in federal court is governed by 28 U.S.C. § 1391.  Relevant here, the statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred.  *See* 28 U.S.C. 1391(b).  If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case."  *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Defendants and the events giving rise to the Complaint are located in Benton Harbor and Kalamazoo, Michigan, which are in Berrien County and Kalamazoo County, respectively.  Both counties are a part of the Western District of Michigan. 28 U.S.C. § 102(b).  Because there is no apparent basis for venue to lie in this District, but the facts alleged in the Complaint suggest that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring this case to the district where it should have been filed in the first instance.  *See* 28 U.S.C. § 1406(a).

Accordingly, **IT IS HEREBY ORDERED** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1406(a).

It is noted that this Court has not decided whether Plaintiff is entitled to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A.

**IT IS SO ORDERED.**

Dated:  June 25, 2025

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge

2