UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LASHAWN WILLIAMS,

    Plaintiff,

v.

GRIFOLS PLASMA CENTER, et al.,

    Defendants.
_____/

Case No. 1:25-cv-696

Hon. Hala Y. Jarbou

**ORDER**

    Roosevelt Lashawn Williams, proceeding pro se, filed this lawsuit claiming Defendants Grifols Plasma Center ("Grifols"), Unknown Donna, and Unknown Samantha violated 42 U.S.C. § 1983, the Americans with Disabilities Act, the Privacy Act of 1974, and the Whistleblower's Protection Act of 1989. (Compl., ECF No. 1-1.) Williams also contends that Defendants defamed him. (*Id.*)

    Magistrate Judge Ray Kent issued a report and recommendation sua sponte dismissing Williams's complaint. (ECF No. 11.) Williams filed a timely objection. (ECF No. 12.) While "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), this unilateral court action "is appropriate in only the rarest of circumstances." *Id.* at 480. It was inappropriate here.

    As justification for the sua sponte dismissal, the R&R infers that Williams bases his claims "on sovereign citizen nonsense." (R&R 5.) While Williams indicates that he may subscribe to this anarchistic philosophy (i.e., signing "UCC § 1-308" next to his name), that alone is not

sufficient grounds to dismiss his claims for lack of subject matter jurisdiction; the Court must look to the substance of his complaint.

To be sure, Williams's pleading includes mislabeled rights of action (i.e., discussing 42 U.S.C. § 1983 for an actor that, according to the complaint, only has ties to a federal function rather than any state action) and a difficult-to-decipher description of the facts.  But the inartfulness of his pleading is not atypical of pro se parties and even some attorneys, and the Federal Rules of Civil Procedure contemplate litigation even when a pleading suffers from these shortcomings.  *See* Fed. R. Civ. P. 12(e) (empowering parties to "move for a more definite statement of a pleading"); *see also Knapp v. City of Columbus*, 93 F. App'x 718, 720 (6th Cir. 2004) ("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim." (citation omitted)).  Further, Williams's claims raise questions that courts often answer after briefing from the parties.  *See, e.g.*, *Lindke v. Freed*, 601 U.S. 187, 196 (2024) (discussing the state-action doctrine in relation to constitutional claims).  Sua sponte dismissal is reserved for rare instances; the deficiencies of Williams's complaint are not so rare.  His claims do not reach the level of "totally implausible" such that he forfeits the "procedural protections" of the right to amend and be heard.  *Apple*, 183 F.3d at 480.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection to the R&R (ECF No. 12) is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 11) is **REJECTED**.

Dated: August 15, 2025

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE