**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ROOSEVELT LASHAWN WILLIAMS
(GRANTOR) Roosevelt-Lashawn of the
Williams Family (Trustee)

       Plaintiff,

v.

GRIFOLS PLASMA CENTER, DONNA
(Last Name Unknown), SAMANTHA (Last
Name Unknown)

       Defendants,

Case No. 1:25-cv-696

Hon. Hala Y. Jarbou

| **Oral Argument Requested** |

---

Roosevelt Lashawn Williams
*In Pro Se*
554 Boynton Avenue
Benton Harbor, MI 49022
kingwilliams1124@gmail.com

Daniel G. Cohen (P41735)
Hadiya Powell (P88080)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant GRIFOLS Plasma Center*
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
T: (248) 593-6400
daniel.cohen@ogletree.com
hadiya.powell@ogletree.com

---

**DEFENDANT'S MOTION TO DISMISS**

Defendant Grifols Plasma Center[1] ("Defendant" or "Grifols"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart PLLC, submits this Motion to Dismiss and in support states as follows:

1.      This matter arises out of pro se Plaintiff's experience donating plasma at a plasma donation site in Benton Harbor, Michigan and his interaction with employees[2] of Biomat Holdings, LLC, the owner of the Grifols Plasma Center.

2.      As more specifically set forth in its Supporting Brief, Defendant seeks dismissal under Fed. R. Civ. P 12(b)(6) for a variety of reasons, including the fact that as a private sector business, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and 5 U.S.C. § 2302 (b)(8) are not applicable as alleged.  Plaintiff fails to state a claim under 42 U.S.C. § 12203 where, as here, no allegation has been made that Plaintiff suffers from a disability or that Plaintiff exhausted his mandatory administrative remedies under the ADA. Moreover, Title VI of the Civil Rights Act of 1964 does not apply to a private sector business unless receiving federal financial assistance for covered programs or activities which results in race discrimination.  Further, Plaintiff's Complaint fails to state a plausible claim under the Privacy Act of 1974 as no claim of federal agency action or exhaustion of administrative remedies have been pled.  Finally, Plaintiff does not properly plead a defamation claim, having left out the necessary elements of such a claim.

3.      Defense Counsel sought concurrence in this Motion on November 17, 2025, and concurrence was not forthcoming.

---

[1] Grifols Plasma Center is not the actual corporate entity and has been improperly named.
[2] Two such employees are named Defendants in this action, but neither has yet been served and defense counsel does appear as their counsel at this time.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion to Dismiss as to the wrongly named Defendant, Grifols Plasma Center.

Respectfully submitted,

*/s/Daniel G. Cohen*
Daniel G. Cohen (P41735)
Hadiya Powell (P88080)
OGLETREE, DEAKINS, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 593-6400
daniel.cohen@ogletree.com
hayida.powell@ogletree.com

Dated: November 18, 2025

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ROOSEVELT LASHAWN WILLIAMS
(GRANTOR) Roosevelt-Lashawn of the
Williams Family (Trustee)

      Plaintiff,

v.

GRIFOLS PLASMA CENTER, DONNA
(Last Name Unknown), SAMANTHA (Last
Name Unknown)

      Defendants,

Case No. 1:25-cv-696

Hon. Hala Y. Jarbou

| **Oral Argument Requested** |

---

Roosevelt Lashawn Williams
*In Pro Se*
554 Boynton Avenue
Benton Harbor, MI 49022
kingwilliams1124@gmail.com

Daniel G. Cohen (P41735)
Hadiya Powell (P88080)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant GRIFOLS Plasma Center*
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
T: (248) 593-6400
daniel.cohen@ogletree.com
hadiya.powell@ogletree.com

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.    INTRODUCTION........................................................................................................ 1

II.   LAW AND ARGUMENT........................................................................................... 2

    A.    Standard of Review..........................................................................................2

    B.    Plaintiff Is Not Entitled to Relief Against a Private Entity Under the First and
        Fourteenth Amendments to the U.S. Constitution............................................3

    C.    Plaintiff is Not Entitled to Relief Under 42 U.S.C. § 1983 Where Nobody Acted
        Under Color of State Law ..................................................................................6

    D.    Plaintiff's Claim Under the Americans with Disabilities Act Has Not Been
        Administratively Exhausted and Must be Dismissed .......................................7

    E.    Plaintiff's Federal Whistleblower Claim Fails to Allege He is a Federal
        Employee or Applicant for Federal Employment, That There was Agency
        Action or that Plaintiff Exhausted His Administrative Remedies .................8

    F.    The Privacy Act of 1974 has No Application to the Instant Facts................9

    G.    Plaintiff's Claim Under Title VI of the Civil Rights Act of 1964 Fails to Allege
        Intentional Race Discrimination by a State or Local Institution.................11

    H.    Plaintiff's Defamation Claims Fails to Allege Defamation with any Specificity........12

III.  CONCLUSION ....................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*,
  727 F.3d 502 (6th Cir. 2013) ...................................................................................................3

*Animal Legal Def. Fund v. Wasden*,
  878 F.3d 1184 (9th Cir. 2018) ................................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................................2

*Baggs v. Eagle-Picher Indus., Inc.*,
  750 F. Supp. 264 (W.D. Mich. 1990), *aff'd,* 957 F.2d 268 (6th Cir. 1992) ...........................10

*Estate of Barney v. PNC Bank, Nat'l Assoc.*,
  714 F.3d 920 (6th Cir. 2013) ..................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................................2

*Bell v. Mgm't & Training Corp.*,
  122 F. Appx. 219 (6th Cir. 2005)............................................................................................7

*Blum v. Yaretsky*,
  457 U.S. 991 (1982).................................................................................................................6

*Burdeau v. McDowell*,
  256 U.S. 465 (1921)...............................................................................................................10

*Ciraci v. J.M. Smucker Co.*,
  62 F.4th 278 (6th Cir. 2023) ...................................................................................................5

*Conley v. United States*,
  No. 2:10-CV-444, 2011 WL 1256611 (S.D. Ohio Mar. 31, 2011)..................................4, 9, 10

*Denham v. United States Gov't*,
  No. 3:24-CV-00116-HTW-LGI, 2025 WL 322855 (S.D. Miss. Jan. 15, 2025).......................9

*Downs v. McDonough*,
  No. 3:20-1090, 2021 WL 6011136 (M.D. Tenn. Dec. 20, 2021) ..............................................9

*EEOC v. Frank's Nursery & Crafts, Inc.*,
  177 F.3d 448 (6th Cir. 1999) ..................................................................................................8

*Eluhu v. Dep't of Veterans Affs.*,
  801 F. App'x 952 (6th Cir. 2020)............................................................................................8

ii

*Foster v. Michigan*,
  573 F. App'x 377 (6th Cir. 2014)......................................................................................6

*Frengler v. Gen. Motors*,
  482 F. App'x 975 (6th Cir. 2012).....................................................................................3

*Garant v. Norfolk Southern Railway Co.*,
  453 F. Supp. 3d 1027 (E.D. Mich. 2020)..........................................................................8

*Goodlow v. Porter*,
  No. 2:23-CV-12992, 2024 WL 2953143 (E.D. Mich. Mar. 1, 2024) ...............................3

*Grimes v. Superior Home Health Care of Middle Tennessee, Inc.*,
  929 F. Supp. 1088 (M.D. Tenn. 1996).............................................................................11

*Haines v. Kerner*,
  404 U.S. 519 (1972)..........................................................................................................3

*Hildebrant v. Meredith Corp.*,
  63 F. Supp. 3d 732 (E.D. Mich. 2014)............................................................................12

*Hodges by Hodges v. Public Bldg Com'n of Chicago*,
  864 F. Supp 1493 (N.D. Ill. 1994) ..................................................................................11

*Hudgens v. NLRB*,
  424 U.S. 507 (1976)...........................................................................................................4

*Jackson v. Metro. Edison Co.*,
  419 U.S. 345 (1974)...........................................................................................................5

*Jones v. Sumser Retirement Village*,
  209 F.3d 851 (6th Cir. 2000) ............................................................................................7

*Keys v. Humana, Inc.*,
  684 F.3d 605 (6th Cir. 2012) ............................................................................................2

*Locricchio v Evening News Ass'n*,
  438 Mich 84 115-116.......................................................................................................13

*Manhattan Cmty. Access Corp. v. Halleck*,
  587 U.S. 802 (2019).......................................................................................................4, 5

*Milkovich v. Lorain Journal Co.*,
  497 U.S. 1 (1990).............................................................................................................12

*Minger v. Green*,
  239 F.3d 793 (6th Cir. 2001) ............................................................................................2

*Nugent v. Spectrum Juv. J. Services*,
  72 F.4th 135 (6th Cir. 2023)............................................................................................7

*Conley v. United States*,
  No. 2:10-CV-444, 2011 WL 1256611 (S.D. Ohio Mar. 31, 2011)..............................4, 9, 10

*Parry v. Mohawk Motors of Mich., Inc.*,
  236 F.3d 299 (6th Cir. 2000) ..........................................................................................8

*Pullman Indus., Inc. v. Manufacturers Enameling Corp.*,
  15 F. App'x 297 (6th Cir. 2001*)*.....................................................................................12

*Rendell-Baker v. Kohn*,
  457 U.S. 830 (1982)......................................................................................................5, 7

*Rogers v. Detroit Police Dept.*,
  595 F. Supp. 2d 757 (E.D. Mich. 2009) (Ludington, J., adopting report and
  recommendation of Binder, M.J.) ....................................................................................3

*Rollison v. Kendall*,
  Case No. 3:21-cv-290, 2022 WL 2306866 (S.D. Ohio June 27, 2022) .....................................9

*Rondigo, LLC v. Township of Richmond*,
  641 F.3d 673 (6th Cir. 2011) ..........................................................................................3

*Rouch v Enquirer & News of Battle Creek Michigan*,
  440 Mich 238 ...............................................................................................................13

*Schmitt v. City of Detroit*,
  395 F.3d 327 (6th Cir. 2005)..........................................................................................10

*Smith v. Kentucky*,
  36 F.4th 671 (6th Cir. 2022) ............................................................................................6

*Thomas M Cooley Law School v Doe 1*,
  300 Mich App 245 .........................................................................................................13

*Tulsi Now, Inc. v. Google, LLC*,
  No. 219CV06444SVWRAO, 2020 WL 4353686 (C.D. Cal. Mar. 3, 2020) .............................4

*United States v. Jacobsen*,
  466 U.S. 109 (1984).......................................................................................................10

*United States v. Stevens*,
  559 U.S. 460 (2010).........................................................................................................4

*Westermeyer v. Kentucky Dep't of Pub. Advoc.*,
  No. CIV. A. 2:10-131-DCR, 2011 WL 830342 (E.D. Ky. Mar. 3, 2011) ..............................8

*Willman v. St. Paul Fire & Marine Ins. Co.*,
    124 F. App'x 426 (6th Cir. 2005)..................................................................................4

*Wilson v. Tennessee Dept. of Educ.*,
    No. 07-2490, 2007 WL 4302508 (W.D. Tenn. Dec. 7, 2007) ....................................11

**Statutes**

5 U.S.C. § 552.................................................................................................................12

5 U.S.C. § 2302(b)(8) ...................................................................................................8, 9

42 U.S.C. § 1983 .....................................................................................................1, 5, 6, 7

42 U.S.C. § 2000d–4a ...............................................................................................11, 12

42 U.S.C. § 2000e–5(e)(1)..............................................................................................7

42 U.S.C. § 2000e–5(f)(1) ..............................................................................................8

42 U.S.C. § 12117(a) .................................................................................................7, 8

Americans with Disabilities Act (ADA)....................................................................1, 7, 8

Civil Rights Restoration Act of 1987, Pub.L. No. 100–259.........................................11

Federal Whistleblower Protection Act, 5 U.S.C. § 2302(B)(8) ...............................1, 8, 9

Freedom of Information Act ...........................................................................................12

MCL § 15.23.....................................................................................................................12

The Privacy Act of 1974 ..............................................................................................1, 9

Title VI Civil Rights Act of 1964 ...........................................................................1, 11, 12

**Other Authorities**

First Amendment .........................................................................................................4, 5

Fourth Amendment .........................................................................................................10

Fourteenth Amendment ..........................................................................................1, 4, 5, 6

Fed. R. Civ. P. 12(b)(6)....................................................................................................2

L. Civ. R. 7.2(b)(ii) .........................................................................................................14

**Statement of Issues Presented**

1. Whether Plaintiff states a plausible claim upon which relief can be granted under the First and Fourteenth Amendments to the U.S. Constitution?

   Plaintiff states:          Yes

   Defendant states:       No

2. Whether Plaintiff states a plausible claim upon which relief can be granted pursuant to 42 U.S.C. §1983:

   Plaintiff states:          Yes

   Defendant states:       No

3. Whether Plaintiff states a plausible claim upon which relief can be granted under the Americans with Disabilities Act where no allegation is made that Plaintiff is disabled or exhausted his administrative remedies"

   Plaintiff states:          Yes

   Defendant states:       No

4. Whether Plaintiff's Federal Whistleblower claim states a plausible claim upon which relief can be granted where Plaintiff does not allege he is a federal employee or applicant for federal employment, that there was agency action or that he exhausted his administrative remedies?

   Plaintiff states:          Yes

   Defendant states:       No

5. Whether Plaintiff states a plausible claim upon which relief can be granted under the Privacy Act of 1974?

   Plaintiff states:          Yes

   Defendant states:       No

6.    Whether Plaintiff's Claim under Title VI of the Civil Rights Act of 1964 states a plausible claim upon which relief can be granted where Plaintiff fails to allege race discrimination or that Defendant received federal funding for a covered program or activity within the meaning of the Civil Rights Restoration Act of 1987?

Plaintiff states:      Yes

Defendant states:     No

7.    Whether Plaintiff states a plausible claim for defamation upon which relief can be granted?

Plaintiff states:      Yes

Defendant states:     No

## I.    INTRODUCTION

Plaintiff, Roosevelt Lashawn Williams ("Plaintiff" or "Williams") files the instant action against Grifols Plasma Center ("Defendant")[3], a private sector business that had been paying him to donate his plasma. He brings this suit as a "sovereign citizen."    The exact nature of Plaintiff's claims is difficult to decipher, because the Complaint is disorganized and rambling.  However, it appears to Defendant that Plaintiff's Complaint asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, the federal Whistleblowers Act of 1989, the First and Fourteenth Amendments to the U.S. Constitution, Title VI of the Civil Rights Act of 1964, the Privacy Act of 1974 and for defamation (Compl., ECF No. 1-1).

Plaintiff confuses many legal concepts that are limited to the federal government, its various agencies and where state action exists.  Plaintiff's claims involve no such action by the federal government, its various agencies or any state action.  Instead, Plaintiff complains of his interactions with employees of a private sector plasma center where he donated his blood and was allegedly deferred on a permanent basis for personal reasons of the staff (Compl., ECF No. 1-1, Page ID. 11-12).  Plaintiff's extension of claims to purely private, nongovernmental action relies on alleged receipt by Defendant of federal funding and having federal government contracts. *Id*.

As will become evident, Plaintiff has not stated plausible claims against Defendant under the First or Fourteenth Amendments of the Constitution or 42 U.S.C. § 1983 for the simple reason it is a private sector business, not acting under color of state law, and because Plaintiff has not exhausted his administrative remedies under the ADA, the federal Whistleblower Protection Act, or the Privacy Act of 1974. Moreover, Title VI of the Civil Rights Act of 1964 does not apply to

---

[3] Plaintiff's Complaint also names two individuals, who work at the plasma center.  Neither has yet to be served.  However, for all of the reasons stated herein, Plaintiff's claims against the individual defendants are equally defective.

1

a private sector business unless receiving federal financial assistance for covered "programs or activities" which results in discrimination on the basis of race, color or national origin. Further, his claim of defamation is not properly pled and fails to state a claim.[4]

## II. LAW AND ARGUMENT

### A. Standard of Review

A district court should grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001)(quoting *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). When deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the

---

[4] As indicated in its Motion, Defendant is not a proper party, and his Complaint should be dismissed for the reason alone as no claim for relief can be granted against an entity which does not exist.

2

defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Moreover, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011)(citing *Twombly*, 550 U.S. at 555). "A complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.*, 714 F.3d 920, 924-25 (6th Cir. 2013).

The Courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented ... nor may courts construct the Plaintiff's legal arguments for him.... [N]either may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.). *Goodlow v. Porter*, No. 2:23-CV-12992, 2024 WL 2953143, at *2 (E.D. Mich. Mar. 1, 2024), *report and recommendation adopted*, No. 23-CV-12992, 2024 WL 2332901 (E.D. Mich. May 22, 2024).

### B. Plaintiff Is Not Entitled to Relief Against a Private Entity Under the First and Fourteenth Amendments to the U.S. Constitution

Plaintiff alleges that Defendant has federal government contracts and that Defendant is receiving federal government funding (Compl., ECF No. 1-1, PageID.10). For obvious reasons, Plaintiff has not and cannot allege Defendant is the federal government, the State of Michigan in particular, or a state actor in general. Consequently, Plaintiff fails to state a plausible claim as a matter of law.

"The First Amendment, applied to states through the Fourteenth Amendment, prohibits laws abridging the freedom of speech." *Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1193 (9th Cir. 2018) (internal quotation omitted). In effect, "the First Amendment means that ***government*** has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *United States v. Stevens*, 559 U.S. 460, 468 (2010) (quoting *Ashcroft v. ACLU*, 535 U.S. 564, 573 (2002)) (emphasis added).

In *Tulsi Now, Inc. v. Google, LLC*, No. 219CV06444SVWRAO, 2020 WL 4353686, at *1 (C.D. Cal. Mar. 3, 2020), the district court dismissed the plaintiff's Constitutional claims against Google because:

> "**Google is not now, nor (to the Court's knowledge) has it ever been, an arm of the United States government. The text and original meaning of those Amendments, as well as this Court's longstanding precedents, establish that the Free Speech Clause prohibits only *governmental* abridgment of speech. The Free Speech Clause does not prohibit *private* abridgment of speech**."

*Id.* (emphasis supplied), citing *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 805 (2019) (emphasis in original); See also, *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976)("constitutional guarantee of free speech is a guarantee only against abridgment by government"); Accord, *Willman v. St. Paul Fire & Marine Ins. Co.,* 124 F. App'x 426 (6th Cir. 2005)(affirming dismissal because claim of "due process violation" could not be brought against private entity), citing *United States v. Morrison,* 529 U.S. 598, 621 (2000) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948)) ("[T]he Fourteenth Amendment, by its very terms, prohibits only state action.... 'That Amendment erects no shield against merely private conduct, however discriminatory or wrongful'").

When a private company complies with federal law, that does not by itself make the company a government actor. *Halleck*, 587 U.S. 802, 805 (2019). Else, every regulated private

4

company would be a public entity, a conclusion that would come as a surprise to many and that would alter heaps of foundational precedents going back to the founding. See e.g. *Ciraci v. J.M. Smucker Co.*, 62 F.4th 278, 284 (6th Cir. 2023), citing *Trs. of Dartmouth Coll. v. Woodward*, 17 U.S. (4 Wheat.) 518, 665–66, 4 L.Ed. 629 (1819). As the Supreme Court put the point nearly a half century ago, the run-of-the-mine reality "that a business is subject to state [or federal] regulation does not by itself convert its action into that of the State" or the federal government. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974). The same is true of companies that do business with governments. As the Court put the point a few years ago: "[n]umerous private entities in America obtain government licenses, government contracts, or government-granted monopolies. If those facts sufficed to transform a private entity into a state actor, a large swath of private entities in America would suddenly be turned into state actors and be subject to a variety of constitutional constraints on their activities." *Halleck*, 587 U.S. at 805. To be regulated does not make one a regulator. To sell to the government does not make one the government. Not even "extensive regulation" of a private company makes it a "state actor" by itself. *Id; See also, Ciraci*, 62 F.4th at 284.

*Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) serves to highlight precisely why Plaintiff's Complaint fails to state a claim and should be dismissed. There, former teachers and counselors of a privately operated school for maladjusted high school students, brought civil rights actions against the school for violation of their Constitutional rights in connection with their discharges. The school received funds from several state and federal agencies, accounting for 90% of the school's operating budget. The plaintiffs brought suit under 42 U.S.C. § 1983, claiming their discharges violated their First Amendment right of free speech and their Fourteenth Amendment due process rights.

The Supreme Court held that the plaintiffs failed to state a viable claim for relief. It rejected the argument that state action existed because virtually all of the school's income was derived from government funding. Relying on its earlier decision in *Blum v. Yaretsky*, 457 U.S. 991 (1982), which held that similar financial dependence of nursing homes did not make the acts of the physicians and nursing home administrators acts of the state, the Court concluded that the school's receipt of public funds does not make the discharge decisions acts of the state. According to the Supreme Court, the school, like the nursing homes, is not fundamentally different from many private corporations whose business depends primarily on contracts to build roads, bridges, dams, ships, or submarines for the government. Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.

No less is required here.  Taking Plaintiff's allegation as true that Defendant is publicly funded and has government contracts for purposes of the instant Motion simply does not transform the conduct of employees of a private entity into state action.  Dismissal of Plaintiff's First and Fourteenth Amendment claims is required.[5]

### C.  Plaintiff is Not Entitled to Relief Under 42 U.S.C. § 1983 Where Nobody Acted Under Color of State Law

Plaintiff's Complaint similarly fails to state a plausible claim under 42 U.S.C. § 1983 for the simple reason it does not and could not allege that Defendant acted under color of state law, a requirement under § 1983.  The Sixth Circuit has consistently held that personnel decisions made

---

[5] There is no implied right of action directly under the First or Fourteenth Amendments. *Smith v. Kentucky*, 36 F.4th 671 (6th Cir. 2022), citing *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992)("We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. §1983"). Accord, *Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014).

by private entity employers alleged to be acting under color of state law did not constitute a state

function where the state did not regulate personnel decisions and was not involved in them. See

*Bell v. Mgm't & Training Corp.*, 122 F. Appx. 219, 222-223 (6th Cir. 2005), citing *Wolotsky v.*

*Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)("where Ohio had no input on personnel actions within

a privately run facility that provided mental health, drug, and alcohol rehabilitative services to

Summit County, despite extensive funding, regulation, and oversight by the State, discharge of

employees was not state action").

Plaintiff's allegation that two employees refused to allow him to donate plasma at the

Benton Harbor facility for "personal reasons" (Compl. ECF No. 1-1, PageID.11-12), provides no

basis for § 1983 liability and dismissal is required. *Id.*  Indeed, no plausible explanation has been

or can be offered that the individuals should be considered state actors for making a purely private,

nongovernmental decision. The determinative factor for defining "state action" is whether a private

actor is "'endowed with [state] powers beyond those enjoyed' by everyone else." *Nugent v.*

*Spectrum Juv. J. Services*, 72 F.4th 135, 142 (6th Cir. 2023) quoting *United States v. Miller*, 982

F.3d 412, 423 (6th Cir. 2020).  Accord, *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982)("Acts

of such private contractors do not become acts of the government by reason of their significant or

even total engagement in performing" contractual services for public entities or receipt of

government funds).  As such, Dismissal is required.

D.  **Plaintiff's Claim Under the Americans with Disabilities Act Has Not Been Administratively Exhausted and Must be Dismissed**

Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA

must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination.

*See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1); *Jones v. Sumser Retirement Village,* 209

F.3d 851, 853 (6th Cir. 2000). An employee may not file a suit under the ADA if he or she does

7

not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies. *See* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a) (procedures from § 2000e–5 apply to ADA claims); *see also EEOC v. Frank's Nursery & Crafts, Inc.,* 177 F.3d 448, 456 (6th Cir. 1999); *Garant v. Norfolk Southern Railway Co.*, 453 F. Supp. 3d 1027, 1035 (E.D. Mich. 2020).

Plaintiff has not alleged that he filed a charge of discrimination against Defendant with the EEOC.  Consequently, the claim must be dismissed. *Id.*  See also, *Westermeyer v. Kentucky Dep't of Pub. Advoc.*, No. CIV. A. 2:10-131-DCR, 2011 WL 830342, at *6 (E.D. Ky. Mar. 3, 2011)(Because Westermeyer has failed to exhaust her federal administrative remedies in pursuit of her ADA and Title VII claims, those claims will be dismissed, without prejudice).[6]

### E.  Plaintiff's Federal Whistleblower Claim Fails to Allege He is a Federal Employee or Applicant for Federal Employment, that there was Agency Action or that Plaintiff Exhausted his Administrative Remedies

The Whistleblower Protection Act prohibits an ***agency*** from taking a ***personnel action against an employee*** for making a protected disclosure. 5 U.S.C. § 2302(b)(8). To establish a retaliatory action in violation of the Act, the employee must establish four elements: (1) the acting official has the authority to take, recommend, or approve any personnel action; (2) the aggrieved employee made a protected disclosure; (3) the acting official used his authority to take, or refuse to take, a personnel action against the aggrieved employee; and (4) the protected disclosure was a contributing factor in the agency's personnel action. *Eluhu v. Dep't of Veterans Affs.,* 801 F. App'x 952, 955 (6th Cir. 2020).

---

[6] Plaintiff's Complaint is also defective in that there is no allegation Plaintiff is disabled which is foundational to any ADA case.  *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000), *citing Martin v. Barnesville Exempted Village School Dist. Bd. of Educ.,* 209 F.3d 931, 934 (6th Cir. 2000).

In the absence of an allegation that Plaintiff is a federal employee or applicant for federal employment or that he exhausted his administrative remedies, he fails to state a viable claim under 5 U.S.C.A. § 2302(b)(8). *Downs v. McDonough*, No. 3:20-1090, 2021 WL 6011136 (M.D. Tenn. Dec. 20, 2021)("A ***federal employee*** pursuing a reprisal claim under the WPA must proceed by pursuing a Whistleblower Individual Right of Action ("IRA") through the administrative steps set out in the CSRA before bringing the claim to court in a lawsuit…Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance"); Accord, *Denham v. United States Gov't,* No. 3:24-CV-00116-HTW-LGI, 2025 WL 322855, at *3 (S.D. Miss. Jan. 15, 2025), *report and recommendation adopted,* No. 3:24-CV-116-HTW-LGI, 2025 WL 320943 (S.D. Miss. Jan. 28, 2025).  Dismissal is required.[7]

### F.    The Privacy Act of 1974 has No Application to the Instant Facts

Plaintiff's claim under the Privacy Act of 1974 is indecipherable as alleged.  Indeed, it is unclear whether this is really a claim under the Privacy Act or 1974 or a claim under the 4th Amendment of the U.S. Constitution. Either way, the claim must be dismissed.

First, the Privacy Act of 1974 establishes specific procedures governing the use and maintenance of "records" concerning "individuals" by ***agencies of the Federal Government***. *Conley v. United States*, No. 2:10-CV-444, 2011 WL 1256611, at *4 (S.D. Ohio Mar. 31, 2011). If a request for amendment is made, an ***agency*** must "promptly" either amend the record or inform the individual of its refusal to amend the record. *Id.* § 552a(d)(2)(B). If an ***agency*** refuses to amend

---

[7] It is also noteworthy that individual whistleblower claims under 5 U.S.C. §2302(b)(8) are limited to claims by federal employees, which must be filed with the Merit System Protection Board and appealed to the Federal Circuit Court of Appeals. *Rollison v. Kendall*, Case No. 3:21-cv-290, 2022 WL 2306866, *3-4 (S.D. Ohio June 27, 2022).  Consequently, the claim must be dismissed for this reason as well.

the record, it must explain to the individual the reasons for its refusal. *Id.* Upon refusal of an initial request to amend a record, the Privacy Act affords an individual the opportunity to appeal the initial decision. *Id.* § 552a(d)(3). If the appeal is denied, the ***agency*** must permit the individual to file a concise statement noting the individual's disagreement with the refusal to amend. *Id.* This statement of disagreement then essentially becomes part of the record and must be disclosed by the ***agency*** whenever the record in question is itself disclosed. *See id.* § 552a(d)(4). *Id.* at *5.

Because Defendant is not an agency of the federal government, Plaintiff's Complaint fails to state a claim. *Schmitt v. City of Detroit*, 395 F.3d 327, 329 (6th Cir. 2005)( In short, the Privacy Act, albeit by reference, unambiguously defines the term "agency" as an agency of the federal government).

To the extent this is a claim under the Fourth Amendment, dismissal is also required because the Fourth Amendment does not protect against action by a private party. *Baggs v. Eagle-Picher Indus., Inc.,* 750 F. Supp. 264, 271 (W.D. Mich. 1990), *aff'd,* 957 F.2d 268 (6th Cir. 1992), citing *Skinner v. Railway Labor Exec. Assn.,* 489 U.S. 602 (1989). Indeed, the Supreme Court stated over 100 years ago that:

> "The Fourth Amendment gives protection against unlawful searches and seizures, and as shown in the previous cases, its protection applies to **governmental action**. Its origin and history clearly show that it was intended as a restraint upon the activities of sovereign authority and was not intended to be a limitation upon other than governmental agencies…"

*Burdeau v. McDowell*, 256 U.S. 465, 475 (1921) (emphasis supplied).  See also, *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)(As a basic matter, the Fourth Amendment only proscribes governmental action so a wrongful search or seizure by a *private* party cannot violate a person's Fourth Amendment rights).

10

**G.   Plaintiff's Claim Under Title VI of the Civil Rights Act of 1964 Fails to Allege Intentional Race Discrimination by a State or Local Institution**

To state a claim for damages under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.,* a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal assistance. *Grimes v. Superior Home Health Care of Middle Tennessee, Inc.*, 929 F. Supp. 1088, 1092 (M.D. Tenn. 1996); *Wilson v. Tennessee Dept. of Educ.*, No. 07-2490, 2007 WL 4302508, *2 (W.D. Tenn. Dec. 7, 2007)( "Plaintiffs' Complaint contains no allegations that the acts complained of were in any way motivated by Plaintiffs' race, color, or national origin. Defendant's motion to dismiss all Title VI claims is GRANTED").

Moreover, Plaintiff must allege that the federal funding is funding a covered "program or activity" as defined by Civil Rights Restoration Act of 1987 ("CRRA"), Pub.L. No. 100–259, codified under 42 U.S.C. § 2000d–4a.  See e.g. *Hodges by Hodges v. Public Bldg Com'n of Chicago*, 864 F. Supp 1493 (N.D. Ill. 1994). In the *Hodges by Hodges* decision, the City of Chicago was found not to be within the scope of Title VI's coverage despite receiving millions of dollars in federal financial assistance.  According to the Northern District of Illinois,

> "[T]he City is not an "operation" of "a department, agency, special purpose district, or other instrumentality of a State or of a local government," or of "the entity of such State or local government that distributes such assistance," or of any of the other entities enumerated in § 2000d–4a. Rather, the City is a municipality and, as such, it does not fit within the definition of "program or activity" for purposes of Title VI.

864 F. Supp. at 1505.  No less is required here.

11

Plaintiff fails to allege intentional race discrimination. Instead, he alleges that action was taken against him for requesting the names of individuals enforcing Defendant's policy[8] and "exercising peacefully said protected rights of freedom of speech, right to redress grievances, and the right of the application of the equal protection clause, as being acts of rudeness." (Compl., ECF No. 1-1, PageID.12-13).   Nor does he allege a covered "program or activity" under 42 U.S.C. § 2000d–4a.[9] Accordingly, his Complaint fails to state a plausible claim, and his Title VI claim must be dismissed.

### H.   Plaintiff's Defamation Claims Fails to Allege Defamation with any Specificity

In Michigan, the four basic elements of a defamation claim are:

> "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication."

*Pullman Indus., Inc. v. Manufacturers Enameling Corp.,* 15 F. App'x 297, 300 (6th Cir. 2001*);*

*Hildebrant v. Meredith Corp.,* 63 F. Supp. 3d 732, 738 (E.D. Mich. 2014).   To be considered defamatory, statements must assert facts that are "provable as false." *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 19 (1990).

---

[8] Plaintiff claims he is entitled to such information under 5 U.S.C. § 552 (the Freedom of Information Act) and MCL § 15.23(the State equivalent).

[9] Under 42 U.S.C. § 2000d–4a, the term "program or activity" and the term "program" mean all of the operations of—

(1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government; [or] ...

(2)(B) a local educational agency ..., system of vocational education, or other school system; [or] ...

(4) any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3).

It is well settled that "a defamation plaintiff must plead with specificity who published the defamatory statement, when it was published, and most importantly, a plaintiff must identify the precise materially false statement published." *Rouch v Enquirer & News of Battle Creek Michigan*, 440 Mich 238, 272-73; 487 NW2d 205 (1992) (Riley J. concurring) (citing *MacGriff v Van Antwerp*, 327 Mich 200, 204-205; 41 NW2d 524 (1990)). To survive a motion on the pleadings, a plaintiff claiming defamation must identify the exact language that the plaintiff alleges to be defamatory. *Thomas M Cooley Law School v Doe 1*, 300 Mich App 245, 262; 833 Nw2d 331 (2013). A defamation plaintiff must inform each defendant precisely what he/she said about plaintiff that was false and defamatory, as well the statement's falsity, fault on the part of the defendant, and publication—*i.e.*, when, where, and to what third party the unprivileged communication was made. *Locricchio v Evening News Ass'n*, 438 Mich 84 115-116; 476 NW2d 112 (1991).

In his Complaint, Plaintiff broadly asserts that Defendant engaged in "acts of rudeness" (ECF No. 1-1, PageID.13) and that "Jerrica was rude" (ECF No.1-1, PageID.22). These allegations fall far short of the *precise* materially false statement needed to state a claim for defamation. Moreover, the Complaint does not identify any precise materially false statement attributed to either named Defendant. It is entirely unclear who "Jerrica" is, but presumably "Jerrica" is neither Donna nor Samantha, the two named Defendants. Nor is there any attempt to identify when, where, and to what third party an unprivileged communication was made. Inasmuch as the Complaint fails to identify the exact verbiage of the statement that Plaintiff claims to be defamatory, as well as precisely when, where, and to what third party the allegedly defamatory statement was published, the Complaint fails to state a defamation claim that meets the requisite specificity standard and should be dismissed on that basis.

13

## III.    CONCLUSION

For the reasons set forth above, Defendant asks the Court to dismiss the Complaint.

Respectfully submitted,

/s/ Daniel G. Cohen
Daniel G. Cohen (P41735)
Hadiya Powell (P88080)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 593-6400
daniel.cohen@ogletree.com
hadiya.powell@ogletree.com

Dated: November 18, 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to L. Civ. R. 7.2(b)(ii), Defendant states that its Brief in Support of Motion to Dismiss is 3,920 words in length. This word count was generated using Microsoft Word for Office 365.

 /s/ Daneil G. Cohen
Daniel G. Cohen (P41735)
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies and affirms that on November 18, 2025, he efiled the foregoing Notice of Appearance with the Clerk of the Court, via the Court's CM/ECF system, which will serve an electronic copy of same on all parties registered to receive electronic service in this matter.

/s/ Daniel G. Cohen
Daniel G. Cohen (P41735)

14

93882236.v1-OGLETREE