**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ROOSEVELT LASHAWN WILLIAMS
(GRANTOR) Roosevelt-Lashawn of the
Williams Family (Trustee)

      Plaintiff,

v.

GRIFOLS PLASMA CENTER, DONNA
(Last Name Unknown), SAMANTHA (Last
Name Unknown)

      Defendants,

Case No. 1:25-cv-696

Hon. Hala Y. Jarbou

| **Oral Argument Requested** |
| --- |

---

| Roosevelt Lashawn Williams | Daniel G. Cohen (P41735) |
| --- | --- |
| *In Pro Se* | Hadiya Powell (P88080) |
| 554 Boynton Avenue | OGLETREE, DEAKINS, NASH, |
| Benton Harbor, MI 49022 | SMOAK & STEWART, PLLC |
| kingwilliams1124@gmail.com | *Attorneys for Defendant GRIFOLS Plasma* |
| | *Center* |
| | 34977 Woodward Avenue, Suite 300 |
| | Birmingham, Michigan 48009 |
| | T: (248) 593-6400 |
| | daniel.cohen@ogletree.com |
| | hadiya.powell@ogletree.com |

---

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Campbell-Ewald Co v. Gomez*,
  577 U.S. 153 (2016)............................................................................................2

*Federal Crop Ins Corp v. Merrill*,
  332 U.S. 380 (1947)........................................................................................1, 3, 4

*Kousisis v. United States*,
  605 U.S. 114 (2025)...........................................................................................2, 3

*Perez v. Sturgis Public Schools*,
  598 U.S. 142 (2023)...............................................................................................3

*Rendell-Baker v. Kohn*,
  457 U.S. 830 (1982)...............................................................................................1

**Statutes**

42 U.S.C. § 1983......................................................................................................1

Americans with Disabilities Act (ADA)........................................................................3

Civil Rights Act of 1964 Title VI ...............................................................................3

Federal Crop Insurance Act ...................................................................................1, 3

Individuals with Disabilities Education Act (IDEA) ........................................................3

Privacy Act of 1974 .................................................................................................3

Telephone Consumer Protection Act (TCPA) ...............................................................2

**Other Authorities**

Fed. R. Civ. P 8(b)(6)................................................................................................4

Fed R Civ P 12(b)(6).................................................................................................4

Local Civil Rule 7.2(c) ..............................................................................................1

i

On November 24, 2025, Plaintiff filed his "Objection to Motion to Dismiss", which Defendant will treat as Plaintiff's Response to its Motion to Dismiss.  This Reply Brief addresses the arguments raised by Plaintiff in his "Objection" and is filed in accordance with Local Civil Rule 7.2(c).

Plaintiff's "Objection" is easily dispatched as it does not contest or distinguish any of the authority relied upon by Defendant in support of its Motion to Dismiss.  That authority, therefore, stands uncontested.  Instead, Plaintiff cites to law that has no application whatsoever to this case or to the allegations in Plaintiff's Complaint.[1]

First, Plaintiff suggests that the U.S. Supreme Court has held that a private company is subject to suit under 42 U.S.C. § 1983.[2] Plaintiff then cites *Federal Crop Ins Corp v. Merrill*, 332 U.S. 380 (1947), stating that a private company must follow federal rules if it receives federal funds.  Plaintiff's reliance on *Federal Crop Ins Corp* is misplaced.  Initially, it is important to point out that *Federal Crop Ins Corp* is not a § 1983 case.   In fact, § 1983 was not even enacted until 1979.  Apart from this glaring defect, Federal Crop Ins Corp. was a wholly Government-owned enterprise, created by the Federal Crop Insurance Act, as an 'agency of and within the Department of Agriculture' to carry out the purposes of the Federal Crop Insurance Act.  332 U.S. at 381.   No such allegation exists in Plaintiff's Complaint that Grifols was created by the federal government or that it was created to carry out a specified government function.   Furthermore, Plaintiff's suggestion that *Federal Crop Ins Corp* stands for the proposition "that a private company must follow federal rules if it receives federal funds even if the company is not directly a government

---

[1] Plaintiff has also indicated his agreement to dismiss his federal whistleblower and defamation claims.  As such, Defendant will not address those claims herein.

[2] Defendant has not argued that a private company cannot be sued under 42 U.S.C. §1983, but that in the absence of action under color of state law, such a claim against a private company fails to state a claim as a matter of law. See e.g. *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982)

1

entity" is pure misdirection.  The case absolutely does not stand for such a proposition as the quoted passage does not appear anywhere in the opinion.

Plaintiff next cites *Campbell-Ewald Co v. Gomez,* 577 U.S. 153 (2016) for the proposition that contractors cannot claim derivative sovereign immunity when their conduct violates both federal law and the government's instructions and that "those companies are subject to lawsuits when they fail to uphold their contractual obligations." *Campbell-Ewald Co* is inapposite. In that case, the United States Navy hired Campbell Ewald to develop a multimedia recruiting campaign that included sending text messages to young adults, but only if those individuals had "opted in" to receive such marketing solicitations.  Campbell Ewald's subcontractor then sent texts to individuals who had not opted in to receiving such texts messages in violation of the Telephone Consumer Protection Act ("TCPA").  Consequently, Campbell Ewald lost any derivative government immunity because it violated the TCPA ***and*** the Navy's explicit instructions.

By stark contrast, in the instant case, there is no allegation that Defendant violated any explicit instructions of the federal government or any government agency, and, of course, this is not a TCPA class action.  The *Campbell Ewald* case is not relevant to the questions at issue here and does not provide any basis for denial of Defendant's instant Motion to Dismiss.

Next, Plaintiff cites to *Kousisis v. United States*, 605 U.S. 114 (2025). While it is not entirely clear how Plaintiff uses *Kousisis* in the context of the instant case, what is clear, is that *Kousisis* is of no consequence to the instant motion to dismiss.  In the *Kousisis* case, the defendant was the owner of an industrial painting company, who was awarded a contract with the Pennsylvania Department of Transportation to paint two Philadelphia landmarks. He was convicted of wire fraud and conspiracy to commit wire fraud for fraudulently inducing a state agency to award painting contracts that required the participation of a disadvantaged business

2

through false or fraudulent representations that they would obtain paint supplies from a qualifying

supplier.  The *Kousisis* case is simply not relevant here.

Plaintiff's arguments regarding his failure to exhaust administrative remedies under the

Americans with Disabilities Act miss the mark as well. He cites to *Perez v. Sturgis Public Schools*,

598 U.S. 142 (2023). However, *Perez* merely held that the exhaustion requirements of the

Individuals with Disabilities Education Act ("IDEA") do not bar a federal ADA or other claim

which seeks relief that is not available under the IDEA. Absent from the opinion was any

discussion of the ADA's independent exhaustion requirements.[3]    *Perez* is inapposite where, as

here, no claim is made under the IDEA.

Moreover, Plaintiff's suggestion that the ADA exhaustion requirement "was met when the

PLAINTIFF(S) filed a complaint with the GRIFOLS PLASMA CENTER customer service

complaint department" is not supported by any citation of authority and finds absolutely no support

in the law.  It must be rejected.

Plaintiff's argument concerning his failure to allege race discrimination by a state or federal

institution in connection with the federal funding of a program or activity as required under Title

VI of the Civil Rights Act of 1964, together with his claim under the Privacy Act of 1974 both rely

on *Federal Crop Ins Corp v. Merrill*, 332 U.S. 380 (1947).  But, as stated on page 2 *supra*, Federal

Crop Ins Corp. was a wholly Government-owned enterprise, created by the Federal Crop Insurance

Act, as an 'agency of and within the Department of Agriculture' to carry out the purposes of the

Federal Crop Insurance Act.  332 U.S. at 381.   Nowhere in the case does the Supreme Court

expressly state or imply that the receipt of federal funding renders a private company an agent of

---

[3] Plaintiff's objection does not address the failure to allege that Plaintiff was disabled, which itself is fatal to a claim under the ADA.

the federal government.  The *Federal Crop Ins Corp* case simply does not apply to Plaintiff's Complaint.

Plaintiff's "Objection" does not save his Complaint from dismissal as the authority it relies upon clearly does not apply to the allegations pled in Plaintiff's Complaint.  Plaintiff does not contest the legal authority set forth in the Defendant's Brief in Support of Dismissal and that authority stands uncontested.  Plaintiff has failed to articulate how his Complaint is plausible or support his allegations with any applicable citations of authority.  Dismissal is appropriate.[4]

Respectfully submitted,

*/s/Daniel G. Cohen*
Daniel G. Cohen (P41735)
Hadiya Powell (P88080)
OGLETREE, DEAKINS, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 593-6400
daniel.cohen@ogletree.com
hayida.powell@ogletree.com

Dated: December 5, 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to L. Civ. R. 7.2(b)(ii), Defendant states that its Defendant's Reply In Support Of Motion To Dismiss is 1,177 words in length. This word count was generated using Microsoft Word for Office 365.

*/s/ Daneil G. Cohen*
Daniel G. Cohen (P41735)
*Attorneys for Defendant*

---

[4] Plaintiff's claim on page 4 of his "Objection" that "[t]he DEFENDANTS has not denied the allegation(s) as stated in said complaint and therefore pursuant to Fed. R. Civ. P 8(b)(6) via Nihil Dicit has acquiesced to the allegation(s) stated therein said complaint via the doctrine of Judicial Estoppel is barred from asserting a claim of defense" is a sanctionable argument as Defendant has filed a Motion to Dismiss under Fed R Civ P 12(b)(6) as its Responsive Pleading.

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies and affirms that on December 5, 2025, he e-filed the foregoing with the Clerk of the Court, via the Court's CM/ECF system, which will serve an electronic copy of same on all parties registered to receive electronic service in this matter and via email to kingwilliams1124@gmail.com.

/s/ Daniel G. Cohen
Daniel G. Cohen (P41735)

s

5

94139613.v1-OGLETREE