**FILED - GR**
December 12, 2025 11:39 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: ᒍᐤ / 12-ᒉ

UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF MICHIGAN


ROOSEVELT LASHAWN WILLIAMS (GRANTOR)
    PLAINTIFF
Roosevelt-Lashawn of the Williams Family (Trustee)
    Third-Party Plaintiff


v.                                 HONORABLE: HALA Y. JARBOU
                                   CASE NO. 1:25-cv-696

GRIFOLS PLASMA CENTER, DONNA
(Last Name Unknown), SAMANTHA
(Last Name Unknown)
    DEFENDANT(S)

_____/


## OARL ARGUMENT(S) REQUESTED


### REPLY TO DEFEDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS


  I)    **DISCUSSION**

ATTORNEY DANIEL G. COHEN has indeed violated the lawyers ethical duty of candor to the tribunal, his "OATH" of Office, and the herein stated FEDERAL LAW(S)/STATUES, and the united States Of America Constitution.

ATTORNEY DANIEL G. COHEN has indeed falsely made the following untrue and misleading statements:

- "He brings this suit as a 'sovereign citizen'";

## (A) STATEMENT ISPO FACTO (I)

ATTORNEY DANIEL G. COHEN states on page one of the "DEFENDANT'S MOTION TO DISMISS", referring to the Plaintiff, "He brings this suit as a 'sovereign citizen' without any support evidence to lawfully and legally make such statement to where:

### Use of this term to discredit a party:

- Fails the requirement of factual substantiation under Rule 11(b)(3);
- Serves no legitimate legal function, violating Rule 11(b)(1);
- Multiplies proceedings unreasonably and vexatiously in violation of 28 U.S.C § 1927;
- Constitutes defamation per se under state law and actionable misconduct under 42 U.S.C § 1983 and 18 U.S.C §§ 241; and 242 when done under color of law.

It is, in effect, a *judicial slur*-one that carries *inflammatory, false, and ideologically charged meaning*, creating civil and criminal contempt of court and serves only to bias and undermine the legitimacy of a litigant's claim(s).

### THE TERM "SOVEREIGN CITIZEN" IS LEGALLY MEANINGLESS AND FACTUALLY IRRELEVANT

Courts across jurisdictions have explicitly rejected the blanket use of the term "*sovereign citizen*" as a rhetorical shortcut to avoid engaging with the merits of a party's claim(s). When used, it functions as a prejudicial slur, not a legal classification.

"While Plaintiff may espouse views that at are commonly attributed to the "sovereign citizen" movement(s), courts must not dismiss such claims outright without addressing the substance." *Griffin v. U.S. Bank, No. 5:15-cv-00112, 2015 WL 1470126, at (N.D. Cal. Mar. 31, 2015).*

Here in this matter the substance is the Plaintiff's clear use of Federal Statue(s); Constitutional Rights; and Governing Law(s) to which was and continuously ignored,

overlooked, and/or treated as if non-existing all in order to deny the legitimacy of the complaint and to hinder/deny due process of law due to personal/bias reason(s), none of which is supported by factual law.

"Use of the term "sovereign citizen" to discredit a litigant's argument does not relieve the c court of the duty to evaluate the claim(s) on their merits." **United States v. Phillips, 326 F. App 400, 403 (7th Cir. 2009)**

"Courts must address claims based on their substance and merit and not dismiss or ridicule claims due to perceived associations or labels." **United States v. Davis, 793 F.3d 712, 720 (7th Cir. 2015)**

"Dismissing claims based on perceived affiliation(s) or beliefs rather than legal merit violates the right to be heard." **Burnett v. Grattan, 468 U.S. 42, 55 (1984)**

### THE LABEL "SOVEREIGN CITZEN" IS A WEAPONIZED SLUR AND CONSTITUTES DEFAMATION PER SE IN LEGAL CONTENTS

Calling someone a "sovereign citizen" in any legal pleading, oral agreement, or judicial order-without sworn factual foundation or self-identification by the party-is not harmless. There is no legal doctrine that authorizes anyone-judge, prosecutor, or counsel-to label a party as a "sovereign citizen" in the absence of judicial findings or sworn declaration(s).

**Doing So**:

- Violates court rules;
- Disrespect the Constitution; and
- Invites swift sanction under Rule 11 and § 1927

To inject the label "sovereign citizen" into a legal record without evidentiary basis is not argument-it is character assassination, it is corrupt manipulation of judicial process with the malicious intent to ridicule, discredit, and silence. It's unethical and sanctionable.

### USING THE TERM "SOVEREIGN CITIZEN" VIOLATES DUE PROCESS AND SHOWS JUDICIAL BIAS

Labeling someone a "sovereign citizen" in court-without facts or their own words to support it- is not harmless. It is a serious violation of the Constitution. It creates a biased unfair atmosphere and destroys the basic right to be treated fairly and impartially in court. Even if

a judge thinks they are being neutral, using the term shows bias and prejudicial. It sends the message that the court has already judged the matter based on invidious discrimination and profiling and not on the law instead of the evidence at hand.

The U.S. SUPREME COURT, to which all lower courts via the stare decisis doctrine are thereto bound, and other federal courts have said:

- "Although courts may disagree with litigants who espouse nontraditional legal arguments, the use of pejorative or political labels does not substitute for legal analysis." *Caperton* v. *A.T. Massey Coal Co.,* *556 U.S. 868, 876 (2009)*

- "Courts must avoid using the term 'sovereign citizen' as a basis for summary dismissal, as it may lead to prejudice and violates the fundamental right(s) to be heard." *United States* v. *Benabe,* *654 F.3d 752, 767 (7th Cir. 2011)*

- "The 'sovereign citizen' label is not a substitute for legal rebuttal and *MUST NOT* be used to avoid addressing legitimate legal questions." *El* v. *Americredit Financial Services,* *No 2:09-cv-00301, 2009 WL 1795830 at *3 (E.D. Pa. June 23, 2009)*

- "Federal Courts *MUST* avoid ad hominem characterizations. A litigant's claim must be judged by substance, NOT by stigmatizing the speaker." *UJS* v. *Singleton,* *759 F.3d 381,384 (5th Cir. 2014)*
- "Labels like 'sovereign citizen' cannot be used as a basis to deny procedural rights or prejudge the merits of a party's claim(s)." *Smith* v. *VS,* *592 F.App 713,715 (9th Cir. 2012)*

- "The courts must avoid inflammatory or prejudicial characterizations of parties or their arguments that are not relevant to legal analysis or factual determination." *United States* v. *MacEwan,* *445 F.3d 237, 251 (3d Cir. 2006)*

PERJURY, 18 U.S.C 1001; 1621;1623

Perjury is the crime of intentionally lying under oath or making a false statement under penalty of perjury in an official proceeding. To be considered perjury, the lie must be:

Knowing and voluntary: The person must know they are making a false statement.

Material: The lie must be relevant to the case, even if it doesn't ultimately affect the outcome.

Under oath: The statement must be made in a context where a legal oath is administered, such as in a court, a deposition, or on a sworn affidavit.

18 U.S.C. § 1001 is a federal law that prohibits knowingly and willfully making false statements, concealing material facts, or submitting fraudulent documents in any matter within the jurisdiction of the U.S. government's executive, legislative, or judicial branches. This crime does not have to be under oath and can include verbal or written statements, or even a material omission.

What the law prohibits

Falsifying, concealing, or covering up a material fact: This can involve any "trick, scheme, or device" to hide important information.

Making a false statement or representation: This includes any materially false, fictitious, or fraudulent statement, whether spoken or written.

Making or using a false document: This applies to any written or documented material that you know contains false, fictitious, or fraudulent information.

Key elements of the crime

Knowingly and willfully: The action must be done with intent.

Material fact: The statement or omission must be important or relevant to the government's matter, not a trivial error.

Within the jurisdiction of the U.S. government: The false statement must relate to a matter that falls under the authority of a federal agency, court, or congressional body.


§ 1001(a) states:


1. "Except as otherwise provided in this section,"

2. "whoever"

3. "in any matter within the jurisdiction of the executive,

4. legislative, or judicial branch of the Government of the

5. United States,"

6. "knowingly and willfully—"

7. "falsifies, conceals, or covers up by any trick, scheme, or device a material fact;"

8. "makes any materially false, fictitious, or fraudulent statement or representation; or"

9. "makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;"

10. "shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A [sexual abuse], 109B [sex offender registration], 110 [sexual exploitation], or 117 [transportation for illicit sexual purposes], or section 1591 [sex trafficking], then the term of imprisonment imposed under this section shall be not more than 8 years."10

The Supreme Court has ruled that false statements made in court or in matters before the government are illegal, and that a false statement under a federal statute must be verifiably false, not merely misleading. For public officials, defamation cases require proof of "actual malice" (knowledge of falsity or reckless disregard for the truth) under the First Amendment. In the case of Thompson v. United States, 604 U.S. _ (2025) the Court clarified that for some federal statutes, a misleading but true statement is not the same as a "false" one, and a false statement under oath in a court proceeding is called perjury.

False statements and legal proceedings

Perjury: Lying under oath during a court proceeding is a criminal offense. This is a specific type of false statement and requires formal legal settings and a material matter.

18 U.S.C. § 1001: This statute prohibits false statements in matters within the jurisdiction of the federal government.

Important distinctions

False vs. misleading: It is crucial to distinguish between statements that are "false" and those that are "misleading." While Thompson v. United States limited the definition of "false," the principle of fraud upon the court is based on the existence of false statements.

Thompson v. United States: This 2025 case held that a federal statute prohibiting "false" statements only applies to statements that are genuinely false, not those that are merely misleading, notes Baker Botts. While this case limited the scope of certain statutes, it did not change the general principle that outright lies can be fraudulent.

Thompson v. United States (2025): The Court held that to be illegal, a statement under certain statutes (specifically 18 U.S.C. § 1014) must be "false" and not simply "misleading"

The US Supreme Court has recognized that lying in a statement can be fraud upon the courts

Cases like United States v. Wood, 39 U.S 430 (1840) and Durland v. United States (1896) established that intentionally providing false information to a court, such as a false invoice to defraud the government or a scheme to get money by false pretenses, is a crime and a type of fraud upon the court. More recently, Kousisis v. United States, 605 U.S. _ (2025) affirmed that a conviction for federal fraud can be secured even if the victim doesn't suffer a net economic loss if the misrepresentations were used,

particularly in cases involving material misrepresentations to induce a victim to turn over property or money. Cases like Kousisis v. United States confirm that a defendant can be guilty of federal fraud if they use material misrepresentations in this way, even if they did not intend to cause a net economic loss.

Key rulings

Kousisis v. United States: The Supreme Court expanded the scope of federal fraud prosecutions by upholding convictions where a defendant used material misrepresentations to "trick a victim into a contract that requires handing over her money or property," according to Farella Braun + Martel LLP. This case clarified the "fraudulent inducement" theory of wire and mail fraud, as explained by Perkins Coie.

The U.S. Supreme Court holds that lawyers absolutely cannot knowingly make false statements of fact or law to a court, as it violates core ethical duties of candor and honesty, often addressed by Model Rule 3.3, requiring correction of prior falsehoods and disclosure of adverse law. While a recent case (*Thompson v. United States, 2025) clarified that "misleading" but technically true statements aren't always criminal under specific statutes, courts still strictly prohibit outright lies, omissions amounting to lies, and dishonesty in filings, with violations leading to professional discipline or even criminal charges.

Key Principles from the Court & Ethics Rules:

- Duty of Candor: Lawyers must be truthful with tribunals, meaning no false statements, omissions that create a false impression, or failure to correct known falsehoods.

- Prohibited Conduct: Knowingly presenting false evidence or making dishonest statements is serious misconduct.

- Correction is Required: If a lawyer learns a statement (fact or law) they made to the court is false, they must take reasonable remedial measures, often correcting it promptly.

- Distinction Between "False" and "Misleading": In Thompson v. United States (2025), the Court clarified that for some federal statutes (like 18 U.S.C. § 1014), a statement must be factually false, not just misleading, to be criminal, but ethical rules (like Rule 3.3) still cover omissions that mislead a court.

- Consequences: Violations can lead to sanctions, disbarment, and even criminal prosecution, depending on the severity and intent.

In Practice:
- No "Puffery" for Facts: Lawyers can't use negotiation conventions to lie about material facts or law in briefs; facts must be true, and adverse law must be disclosed.

- Context Matters: What might seem "misleading" in casual speech could be a punishable "false" statement in a legal brief, requiring careful attention to context and relevant legal authority.

A federal court judge is generally obligated to report an attorney's misconduct to the appropriate disciplinary authority, such as a state's Attorney Grievance Commission, if the violation raises a substantial question about the lawyer's fitness or honesty. Under Canon 3(B)(4) of the Code of Conduct for United States Judges, judges must take "appropriate action" upon learning of professional conduct rule violations that raise significant questions about a lawyer's integrity. While minor issues allow for discretion, serious misconduct typically requires reporting to disciplinary bodies. Additionally, federal judges are often subject to state Rules of Professional Conduct, which mandate reporting of significant violations concerning a lawyer's fitness. Mandatory reporting applies when a

judge has "knowledge" of a "substantial" violation, meaning established or inferred certainty of misconduct that involves dishonesty or significantly impedes justice, unlike minor incidents

At no time and nowhere has the Plaintiff(s) ever referred to or made mention to anything pertaining to "sovereignty" [n]or "sovereign citizen" in his proceeding/complaint. ATTORNEY DANIEL G. COHEN mentioning of the "sovereign citizen" and saying that the "Plaintiff brings this suit as a 'sovereign citizen'" is irrelevant, unsupported, false and a act of malicious intent to commit fraud upon this court. Statement was made in a prejudicial and biased manner.

As ATTORNEY DANIEL G. COHEN has taken and "OATH" of Office to uphold the law(s) and the united States of America Constitution to which nowhere there in does it allow for dishonesty, said ATTORNEY DANIEL G. COHEN has clearly committed act(s) of PERJURY, hereby request that said action(s)/violation(s) committed by ATTORNEY DANIEL G. COHEN be reported to the ATTORNEY GRIEVANCE COMMISSION.

### *AMENDMENT TO COMPLAINT*

Pursuant Fed. R. Civ. Proc Rule 15(a), as said Rule permits one supplemental amendment to be made within (21) in response to a motion, without the court's permission, the Plaintiff's hereby amends complaint to add the following violation in response to the "DEFENDENAT(S) REPLY IN SUPPORT OF MOTION TO DISMISS"

- Violation(s) of Article I section 5 of the Constitution of Michigan of 1963:
- Violation(s) of Article I section 2 of the Constitution of Michigan of 1963; and
- The Elliot-Larsen Civil Rights Act

The Amendment satisfies an act being done "under color of state law" to which as stated in ***Federal Crop Ins Corp v. Merill, 332 U.S 380 (1947)***, that receipt of federal funding is based on the idea that the company is acting as an agent for the government, subjecting GRIFOLS to claim(s) under 42 U.S.C section 1983.

Without Prejudice, All Rights Reserved

Roosevelt-Lashawn of the Williams Family

CERTIFICATE OF SERVICE

I/WE do hereby certify under penalty of perjury that on this Seventh Day of December, in the Year of Our LORD, Two Thousand Twenty-Five, to mailing, via First Class mail, a copy of this said presentment to all parties.

ROOSEVELT L. WILLIAMS
℅ 554 BOYNTON AVE
BENTON HARBOR MI [NO FED CODE]



$3.28⁵
US POSTAGE
FIRST-CLASS INI
363501452456
49015
000004663

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
MICHIGAN
CLERK OF THE COURT
339 FEDERAL BLDG
110 MICHIGAN STREET N.W
GRAND RAPIDS MI 49503