**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ROOSEVELT LASHAWN WILLIAMS
(GRANTOR) Roosevelt-Lashawn of the
Williams Family (Trustee)

      Plaintiff,

v.

GRIFOLS PLASMA CENTER, DONNA
(Last Name Unknown), SAMANTHA (Last
Name Unknown)

      Defendants,

Case No. 1:25-cv-696

Hon. Hala Y. Jarbou

| | |
|---|---|
| Roosevelt Lashawn Williams<br>*In Pro Se*<br>554 Boynton Avenue<br>Benton Harbor, MI 49022<br>(269) 849-6112<br>kingwilliams1124@gmail.com | Daniel G. Cohen (P41735)<br>Hadiya Powell (P88080)<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, PLLC<br>*Attorneys for Defendant GRIFOLS Plasma*<br>*Center*<br>34977 Woodward Avenue, Suite 300<br>Birmingham, Michigan 48009<br>T: (248) 593-6400<br>daniel.cohen@ogletree.com<br>hadiya.powell@ogletree.com |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Grifols Plasma Center ("Defendant" or "Grifols"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart PLLC, submits its Motion to Strike Plaintiff's Reply to Defendant's Reply in Support of Motion to Dismiss and, in support thereof, relies on the enclosed brief in support, which is incorporated by reference herein.

On December 15, 2025 and December 16, 2025, counsel for Defendant sought concurrence for this Motion. On those dates, counsel for Defendant, left two voice messages and sent an email seeking concurrn3ce. No response was received.

1

Respectfully submitted,

/s/Daniel G. Cohen
Daniel G. Cohen (P41735)
Hadiya Powell (P88080)
OGLETREE, DEAKINS, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 593-6400
daniel.cohen@ogletree.com
hadiya.powell@ogletree.com

Dated: December 17, 2025

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ROOSEVELT LASHAWN WILLIAMS
(GRANTOR) Roosevelt-Lashawn of the
Williams Family (Trustee)

      Plaintiff,

v.

GRIFOLS PLASMA CENTER, DONNA
(Last Name Unknown), SAMANTHA (Last
Name Unknown)

      Defendants,

Case No. 1:25-cv-696

Hon. Hala Y. Jarbou

| | |
|---|---|
| Roosevelt Lashawn Williams<br>*In Pro Se*<br>554 Boynton Avenue<br>Benton Harbor, MI 49022<br>(269) 849-6112<br>kingwilliams1124@gmail.com | Daniel G. Cohen (P41735)<br>Hadiya Powell (P88080)<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, PLLC<br>*Attorneys for Defendant GRIFOLS Plasma Center*<br>34977 Woodward Avenue, Suite 300<br>Birmingham, Michigan 48009<br>T: (248) 593-6400<br>daniel.cohen@ogletree.com<br>hadiya.powell@ogletree.com |

**BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANT'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

A.  Introduction..................................................................................................................... 1

B.  Plaintiff's Reply is Improper ........................................................................................... 1

C.  Plaintiff's Attempt to Amend Complaint Is Improper...................................................... 2

D.  Conclusion ...................................................................................................................... 3

i

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*16630 Southfield Ltd., P 'Ship v. Flagstar Bank, F.S.B.*,
727 F.3d 502 (6th Cir. 2013) ...................................................................................................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................................3

*Liberty Legal Foundation v. National Democratic Party of the USA, Inc.*,
875 F.Supp.2d 791 (W.D.Tenn., 2012)...................................................................................1

*NCMIC Insurance Co. v. Smith*,
375 F.Supp.3d 831 (S.D. Ohio, 2019) ...................................................................................2

*White v. Honda of America Mfg., Inc.*,
191 F.Supp.2d 933 (S.D. Ohio 2002) .....................................................................................2

**Statutes**

Elliott Larsen Civil Rights Act ................................................................................................3

**Other Authorities**

Civ. R 7.2 .................................................................................................................................1

Fed. R. Civ. P 8(d)(1)...............................................................................................................3

Fed. R. Civ .P. 15(a)(1).............................................................................................................2

Fed. R. Civ.P. 15(a)(2)..............................................................................................................3

Hereinafter, "Plaintiff's Sur-Reply" ........................................................................................1

Local Rule 7.1(d) ......................................................................................................................3

Rule 12(b), (e)...........................................................................................................................2

Rule 15 .....................................................................................................................................2

Western District Local Rule 7.2(c) ..........................................................................................1

### A.  Introduction

On November 18, 2025, Defendant filed a Motion to Dismiss and the accompanying Brief in Support (ECF No. 25). On November 24, 2025, Plaintiff filed his Objection to Motion to Dismiss (ECF No. 27). Defendant then filed its Reply in Support of Motion to Dismiss on December 5, 2025 (ECF No. 28). At that point, briefing on the Motion to Dismiss was complete and became ripe for the Court's consideration. Yet, Plaintiff has now filed a "Reply" to Defendant's Reply and seeks to amend his Complaint.  The Reply and Amendment are defective and must be stricken.

### B.  Plaintiff's Reply is Improper

As the Court is aware, Western District Local Rule 7.2(c) provides only for the filing of a motion, a response, and a reply. *See* L. Civ. R 7.2 ("unless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials. The moving party, may within fourteen (14) days after service of the response, file a reply brief…[t]he court may permit or require further briefing."

Nevertheless, on December 12, 2025, without leave of the Court, Plaintiff filed his Reply to Defendant's Reply in Support of Motion to Dismiss (Hereinafter, "Plaintiff's Sur-Reply"). Thus, Plaintiff's attempt to "file" a Sur-Reply is improper and should be stricken. Further, Plaintiff's Reply does not address the legal arguments raised in Defendant's Motion to Dismiss or Reply. Instead, Plaintiff uses the Sur-Reply to accuse the undersigned counsel of defamation per se and perjury, claims that are wholly unsupportable and frivolous.  Plaintiff completely neglects to address the substantive arguments raised in Defendant's Reply.   Significantly, as many opinions have stressed, not only are sur-replies highly disfavored, but they are designed to address new arguments or new evidence raised by the Reply. See e.g. *Liberty Legal Foundation v. National Democratic Party of the USA, Inc.,* 875 F.Supp.2d 791, 798 (W.D.Tenn., 2012) (The proper

1

purpose of a sur-reply brief is to address the opposing party's argument, not for Plaintiff to have the last word on a matter).

A sur-reply is proper when the opposing party can show "good cause" for the motion. "Good cause" is not shown by Plaintiff's belief that a reply may be helpful. Generally, good cause is demonstrated when the reply brief raises new grounds not initially included in the moving party's motion. *NCMIC Insurance Co. v. Smith*, 375 F.Supp.3d 831, 835 (S.D. Ohio, 2019) *See also White v. Honda of America Mfg., Inc.,* 191 F.Supp.2d 933, 944 (S.D. Ohio 2002)(Holding that the mere fact a sur-reply might be "helpful" is not enough to justify its filing). Plaintiff has not presented any circumstances, much less exceptional or extraordinary circumstances, justifying a sur-reply. Plaintiff's Sur-Reply does little more than attempt to impugn the good name and reputation of the undersigned counsel and the Ogletree Deakins law firm with wildly unsupported claims, instead of addressing pertinent legal authority cited by Defendant. Here, Plaintiff has filed no motion for leave and has not shown good cause for his Sur-Reply. As such, Plaintiff's Sur-Reply should be stricken.

## C. Plaintiff's Attempt to Amend Complaint Is Improper

Plaintiff's unauthorized attempt to amend the Complaint should be denied as well. Plaintiff served his Complaint upon Defendant on October 28, 2025, and Defendant filed its Motion to Dismiss on November 18, 2025.  As a matter of course, Plaintiff may amend the pleading within "21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ .P. 15(a)(1). Plaintiff filed his improper Sur-Reply and amendment on December 12, 2025. Pursuant to Rule 15, Plaintiff's attempt to amend his

Complaint as a matter of course is untimely.  Plaintiff is, therefore, required to obtain consent from Defendant or leave of the Court. Fed. R. Civ.P. 15(a)(2).

Plaintiff has not obtained consent from defense counsel[1] or leave from the Court. Perhaps of greater importance, Plaintiff fails to state any facts to establish an actionable Elliott Larsen Civil Rights Act (ELCRA) claim or a violation of Michigan's Constitution. As such, Plaintiff fails the "plausibility" standard altogether under *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *See also 16630 Southfield Ltd., P 'Ship v. Flagstar Bank, F.S.B.,* 727 F.3d 502, 503 (6th Cir. 2013).  It also violates the federal pleading rules which requires that "each allegation must be simple, concise, and direct". Fed. R. Civ. P 8(d)(1). Given these circumstances, "justice" does not require an amendment under Fed. R. Civ. P. 15(a)(2).

### D. Conclusion

For all of the above reasons, Defendant requests the Court grant this Motion and issue an order striking Plaintiff's Sur-Reply and Amended Complaint in their entirety and award Defendant such other and further relief as the Court deems just and proper, including attorneys' fees and costs incurred by Defendant.

<div style="margin-left:40%">

Respectfully submitted,

*/s/Daniel G. Cohen*
Daniel G. Cohen (P41735)
Hadiya Powell (P88080)
OGLETREE, DEAKINS, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 593-6400
daniel.cohen@ogletree.com

</div>

Dated: December 17, 2025          hadiya.powell@ogletree.com

---

[1] Plaintiff has not sought counsel's concurrence in his Sur-Reply or Amended Complaint in violation of Local Rule 7.1(d).

<div style="text-align:center">3</div>

## CERTIFICATE OF COMPLIANCE

Pursuant to L. Civ. R. 7.2(b)(ii), Defendant states that its *Defendant's Motion To Strike Plaintiff's Reply To Defendant's Reply In Support Of Motion To Dismiss* is 823 words in length. This word count was generated using Microsoft Word for Office 365.

*/s/ Daneil G. Cohen*
Daniel G. Cohen (P41735)
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies and affirms that on December 17, 2025, he efiled the foregoing *Defendant's Motion To Strike Plaintiff's Reply To Defendant's Reply In Support Of Motion To Dismiss with* the Clerk of the Court, via the Court's CM/ECF system, which will serve an electronic copy of same on all parties registered to receive electronic service in this matter.

*/s/ Daniel G. Cohen*
Daniel G. Cohen (P41735)

4

94402913.v1-OGLETREE