**FILED - GR**

December 26, 2025 11:42 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: ___ / ___

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF MICHIGAN

ROOSEVELT LASHAWN WILLIAMS (GRANTOR)
   PLAINTIFF

Roosevelt-Lashawn of the Williams Family (Trustee)
   Third-Party Plaintiff

v.                                    HONORABLE: HALA Y. JARBOU
                                      CASE NO. 1:25-cv-696

GRIFOLS PLASMA CENTER, DONNA
(Last Name Unknown), SAMANTHA (Last Name Unknown)
   DEFENDANT(S)
   _____/

## OBJECTION TO MOTION TO STRIKE

## OARL ARGUMENT(S) REQUESTED

## DISCUSSION

I. Defense Council, in submitted Brief titled as "DEFENDANT'S MOTION TO DISMISS" filed November 18, 2025, made the following statement(s):

- In section *(I)* of Defendant's "MOTION" under "INTRODUCTION" "Plaintiff, Roosevelt Lashawn Williams ("Plaintiff" or "Williams") files the instant action against Grifols Plasma Center ("Defendant"), a private sector business that had been paying him to donate his plasma. He brings this suit as a "sovereign citizen."

    - In section(s) (I) and *(II)* of Defendant's "MOTION" under "INTRODUCTION" and "LAW AND ARGUMENT" "Plaintiff's complaint fails to state a plausible claim under 42 U.S.C § 1983

II. Defense Council, in Brief titled as "BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS" states as follows

- Plaintiff is, therefore, required to obtain consent from defendant or leave of the Court.

- Plaintiff's Sur-Reply does little more than attempt to impugn the good name and reputation of the undersigned counsel and the Ogletree Deakins law firm with wildly unsupported claims,

## *STATEMENT(S) ISPO FACTO*

The Federal Rules of Civil Procedure (FRCP) absolutely govern civil proceedings in all U.S. federal district courts, ensuring fairness, speed, and cost-effectiveness by setting the procedures for filing, pursuing, and trying lawsuits. These national rules apply to federal courts, but individual federal courts also have their own local rules that supplement the FRCP, and state courts use their own rules, often modeled after the federal ones.

Key Points:
Scope: FRCP applies to civil cases in U.S. District Courts (trial-level federal courts).

Purpose: To secure a "just, speedy, and inexpensive determination of every action and proceeding".

The Federal Rules of Civil Procedure (FRCP) take precedence because local rules must always be consistent with the FRCP and federal law; local rules fill in gaps and govern day-to-day practice but cannot override the national rules, with the hierarchy generally being Constitution > Federal Statutes > FRCP > Local Rules > Judge's Standing Orders. Here's why and how they work together:

FRCP: These are the broad, national rules governing all federal court proceedings, ensuring uniformity and fairness across the country.

Local Rules: Each U.S. District Court creates its own local rules (under authority from FRCP 83) to manage specific administrative details and local practices not covered by the FRCP, like scheduling, filing formats, or specific motion procedures.
The Precedence Rule: A local rule is only valid if it doesn't conflict with the FRCP or federal statute; if there's a conflict, the Federal Rule wins.

Federal Rule of Civil Procedure 15(a) governs amending pleadings, allowing parties to change their filings once as a "matter of course" within 21 days of serving their initial pleading or a responsive one; after that, amendments generally require the opposing party's written consent or the court's permission, which courts should "freely give" unless justice dictates otherwise, aiming to promote fair presentation of the case.

**When Amendments Are "As a Matter of Course" (Automatic)**
A party can amend their pleading once without asking permission if they do so within:

- **21 days** after serving the pleading.

- **Or, if a response is required, within 21 days** after the opposing party serves their responsive pleading (like an Answer) or a Rule 12(b), (e), or (f) motion (e.g., motion to dismiss).

**When Leave of Court or Consent is Needed (After the Automatic Period)**
If the automatic timeframes have passed, a party must get permission to amend:
- **Opponent's Consent**: The other party can agree in writing to the amendment.

- **Court's Leave**: If no consent, the party must ask the court, and the court must "freely give leave when justice so requires," meaning amendments are usually allowed unless there's a good reason not to (like undue delay or prejudice).

**Key Principles**

- **Supersedes Original**: An amended complaint generally replaces the original, making the old one legally ineffective.

- **"Relation Back"**: Amendments adding new claims or parties can "relate back" to the original filing date if they concern the same conduct, transaction, or occurrence, often to overcome statute of limitations issues.

- **Purpose**: Rule 15 encourages getting cases to the merits, allowing parties to correct mistakes or add relevant facts/claims.

In essence, Rule 15(a) provides a straightforward way to fix pleadings early in a case, then shifts to a more discretionary standard requiring court or party approval, always favoring amendments that help resolve the case fairly.

Rule 8(b)(6), which states that "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied". Essentially, if you don't answer or deny a specific point in a complaint, the court generally treats that point as admitted by you.

Key aspects of Rule 8(b)(6):

Admissions by Silence: Failure to deny allegations requiring a response results in their admission.

Responsive Pleading: This rule applies to allegations that necessitate a formal answer (like those in a complaint).

Not Damages: This admission rule doesn't typically apply to the specific monetary amount of damages claimed.

In simple terms: If a plaintiff makes a factual statement in their complaint and you don't specifically admit or deny it in your answer, that statement becomes accepted as true.

Failure to Respond

Attorneys—not the Court—are responsible for making their own arguments. Furthermore, if attorneys raise an argument, the Court expects that they will do their own research and developed that argument. If the parties do not care about an argument, or a claim, enough to spend time litigating that argument or claim, then the Court should not be expected to shoulder the responsibility for them. Additionally, if after reviewing an opponent's motion, a party wishes to abandon a claim, that party should affirmatively stipulate to that concession on the record.

### 1.  Waiving Arguments

If a party fails to respond to an opponent's argument, the Court will find that the argument is waived for the purpose of the pending motion (but not for the purpose of future motions). Furthermore, perfunctory and undeveloped arguments are waived. United States v. Berkowitz, 927 F.2d 1376, 1383 (7th Cir. 1991). For example, a two-sentence "argument" that cites no legal authority is not a legal argument. It is perfunctory, and the Court will not consider it. See Martinez v. Colvin, 12 CV 50016, 2014 U.S. Dist. LEXIS 41754, at *26–27 (N.D. Ill. Mar. 28, 2014) ("[T]he Court notes that parties should not view judges as bloodhounds who are merely given a whiff of an argument and then expected to search the record high and low in an effort to track down evidence to locate and capture a party's argument."). Additionally, when an argument effectively requires analogous reasoning (think qualified immunity) but the brief contains no analogous reasoning, the Court may find waiver. And when responding to an argument, mere contradiction rather than a developed argument results in waiver. Id. At *27 ("[M]erely contradicting an opposing party's developed argument with a single, unsupported sentence is not an argument.").

### 2.  Waiving Claims

Waiver of claims is treated differently. If the plaintiff evidences an intent to abandon a claim, it will be deemed waived. But critically, merely failing to respond to a motion for summary judgment is not evidence of abandonment of the claim. This occurs, for example, when a defendant moves for summary judgment, and the plaintiff fails to respond to the motion for summary judgment on one or all of its claims. Because the defendant bears the burden of establishing its entitlement to summary judgment, the Seventh Circuit has instructed district courts not to summarily hold for the defendant when the plaintiff fails to respond to the motion on all or some claims. Robinson v. Waterman, 1 F.4th 480, 483 (7th Cir. 2021).

Still, when the plaintiff fails to respond to a motion for summary judgment on all or some claims, one of two things is true (or both). Either the plaintiff does not care about the claim enough to form an argument, or the plaintiff affirmatively intends to abandon the claim. In either case, the Court should not have to waste valuable judicial resources researching and deciding the issue. Thus, if a plaintiff fails to respond to a motion for summary judgment, on all or a subset of the claims, the Court will order the plaintiff to show cause why the claim should not be considered abandoned. Failure to respond to the Court's order will result in a dismissal of the claim with prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b).

### 3.   Motions to Dismiss

"Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011) (quoting Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999)). If the Court is presented with a colorable argument in a motion to dismiss, and the plaintiff fails to respond to that motion, the Court will assume that the plaintiff concedes the insufficiency of its complaint. Indeed, failing to make an argument before the district court would, in the end, amount to a waiver of the argument on appeal. Soo Line R.R. Co. v. Conrail, 965 F.3d 596, 601 (7th Cir. 2020).

Nevertheless, the insufficiency of allegations in a complaint is not dispositive. Plaintiffs might be able to repair insufficient allegations without violating counsel's obligations under Federal Rule of Civil Procedure 11 and the Rules of Professional Conduct. And the Seventh Circuit has repeatedly instructed district courts that plaintiffs must generally be afforded "at least one opportunity to try to amend [their] complaint before the entire action is dismissed." White v. Ill. State Police, 15 F.4th 801, 808 (7th Cir. 2021). Therefore, when a plaintiff fails to respond to a colorable motion to dismiss, the Court will grant the dismissal without prejudice, but will afford the plaintiff one additional opportunity to cure the deficiencies in the complaint. Failure to respond to a second motion, or to timely repair the complaint, will result in a dismissal of the action for want of prosecution. See Fed. R. Civ. P. 41(b).

A plaintiff uses several Federal Rules of Civil Procedure (FRCP) to bring attorney misconduct to the court's attention for potential sanctions, primarily FRCP 11 for papers filed with the court, FRCP 37 for discovery abuses, and sometimes the court's inherent power or Local Rules, allowing for motions or actions that detail the attorney's violations of ethical duties like dishonesty or conduct prejudicial to justice.

Key Federal Rules Involved

FRCP 11 (Signing Pleadings, Motions, and Other Papers): This rule allows a party to move for sanctions if an attorney files papers for an improper purpose (like harassment) or without a reasonable factual or legal basis, certifying they've complied with the rule.

FRCP 37 (Failure to Make Disclosures or Cooperate in Discovery): This is crucial for misconduct during discovery, covering failures to disclose, respond to discovery requests, or cooperate in discovery planning, leading to sanctions like expenses or striking pleadings.

How a Plaintiff Mentions Misconduct:
Motion for Sanctions: A plaintiff would file a motion (e.g., Motion for Sanctions under Rule 11 or Rule 37) detailing the specific misconduct.

Affidavits/Declarations: Supporting their motion with sworn statements (affidavits or declarations) that describe the misconduct.

Exhibits: Attaching evidence like emails, court transcripts, or other documents showing the misconduct.

Incorporating by Reference: Citing state ethical rules (like Michigan's MRPC) or local court rules (like LR 83.22 in Michigan) that define attorney misconduct, demonstrating the attorney violated these standards.

Other Avenues:

Inherent Power of the Court: Courts have an inherent power to manage their dockets and punish attorney misconduct that obstructs justice, even beyond specific rules, as noted in this University of Chicago Law Review article.

Local Rules (e.g., LR 83.22): Federal district courts have local rules, like Michigan's LR 83.22, that specifically outline grounds for discipline, such as fraud, misrepresentation, or conduct prejudicial to justice.

By filing a motion under these rules, a plaintiff formally brings the attorney's misconduct to the court's attention for disciplinary action.

The Plaintiff is slightly confused on the purpose and the application of U.S. metric/numbering system being used by the Defense Council that allows for every step after the primary (i.e. the number 1, the letter A) the secondary (i.e. the numbers 2…3…4, the letters B….C….D) to supersede or take precedence over the primary.

Whereas Fed. R. Civ. Proc 15(a)(1) states that a party may amend their complaint without consent within in 21 of a responsive pleading, Defense Council overlooks Fed. R. Civ. Proc. 15(a) and attempts to use Fed. R. Civ. Proc. 15(a)(2) over 15(a)(1).

Fed. R. Civ. Proc. 8 states:

Rule 8. General Rules of Pleading

    (a) Claim for Relief. A pleading that states a claim for relief must contain:

        (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

        (2) A short and plain statement of the claim showing that the pleader is entitled to relief; and

        (3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

    (b) Defenses; Admissions and Denials.

        (1) In General. In responding to a pleading, a party must:

            (A) State in short and plain terms its defenses to each claim asserted against it; and

            (B) Admit or deny the allegations asserted against it by an opposing party.

        (2) Denials—Responding to the Substance. A denial must fairly respond to the substance of the allegation.

        (3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend

to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided

Defense Council has responded to all filings submitted by the Plaintiff(s) to which the Plaintiff(s), eliminating any and all assumption of agreement to Defense Council statement(s), has filed timely responses to Defense Council's filing(s) and to avoid a Fed. R. Civ. Proc. 55 ruling.

Fed. R. Civ. Proc 11 allows the Plaintiff(s) to bring to this HONORABLE COURT attention the misconduct of an attorney.

If anyone has impugnated the Defense Council and Defense Council's Firm it's the Defense Council and the Firm of the Defense Council via: (i) falsely denying the action(s) of Defense Council is unsupported when the false and unsupported statement of "He brings this suit as a "sovereign citizen" is in black and white letters in his brief; (ii) that the Plaintiff's claim is "wildly unsupported" when the proof is in plain sight in the Defense Council's pleading to which court have prohibited the use of said unsupported statements to include but not limited to false statement(s) such act(s) has been considered as Fraud Upon the Court and Perjury; and (iii) stultifying the Plaintiff(s).

The American Bar Association (ABA) Rules 4.1; 3.3; and 8.4 prohibits and addresses false statement(s), the UNITED STATES SUPREME COURT prohibits such act(s), the united State

of America Constitution protects from and prohibits such act(s) and the said "OATH OF OFFICE" prohibits such acts all of which is not the Plaintiff's words but the words of law.

Defense Council stated there being a deficiency in the Plaintiff's civil proceeding to which has been rectified via Fed. R. Civ. Proc 15(a)(1), Defense Council has made false statement(s) to which courts has deemed as fraud upon the court to which any judgement enter is null and void to which said "MOTION TO DISMISS" should be stricken.

The Plaintiff(s) believes that Defense Council is attempting to prevent a record of said misconduct from being made public by attempting to have document stricken from the docket to which the Plaintiffs will also be filing a similar complaint with the Attorney Grievance Commission.

Not allowing the Plaintiff(s) to Amend said complaint would be a miscarriage of justice. Defense Council Motion to Strike should be denied and SUMMARY JUDGMENT in favor of the PLAINTIFF(S) should be GRANTED.

Without Prejudice, All Rights Reserved

*S/ Roosevelt-Lashawn of the Williams Family*
Roosevelt-Lashawn of the Williams Family Sui Juris

## CERTIFICATE OF SERVICE

I/WE do hereby certify under penalty of perjury that on this T Day of December, in the Year of Our LORD, Two Thousand Twenty-Five, to mailing, via First Class mail, a copy of this said presentment to all parties.

Roosevelt L. Williams
c/ a Ore Boynton Ave
Benton Harbor, MI. (49022)
Utter Necessity



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
CLERK OF THE COURT
339 FEDERAL BUILDING
110 MICHIGAN STREET NORTH WEST
GRAND RAPIDS, MICHIGAN 49503

49503$2317 C040